C. E. RIEDEL v. J. R. WATTS & SONS, INC.

158 So. 890.

Opinion Filed January 24, 1935.

*A. Melrose Lamar,* for Plaintiff in Error;
*Boozer & Boozer,* for Defendant in Error.

BUFORD, J.—A suit by attachment was instituted on behalf of C. E. Riedel against J. R. Watts & Sons, Inc. The declaration was one of breach of covenant to pay a note in the sum of $329.56, with interest. There was one plea, a plea of payment, as follows:

"That before action it discharged and satisfied plaintiff's claim by payment."

Plaintiff proved the covenant and the breach.

Defendant tendered no evidence of payment.

The evidence submitted, if it tended to prove any defense, was one of accord and satisfaction. That was not pleaded and, therefore, such evidence was irrelevant and immaterial and should have been excluded on timely objection being made.

It is elementary that when the plaintiff has produced sufficient evidence to establish his cause of action and right to recover a defendant who has pleaded payment then takes the burden of proving payment, and the proof of some other defense will not suffice, nor warrant a verdict and judgment in his favor.

The judgment should be reversed and the cause remanded for a new trial.

It is so ordered.

Reversed and remanded.

WHITFIELD, C. J., and TERRELL and DAVIS, J. J., concur.
ELLIS, P. J., concurs specially.

BROWN, J., dissents.

ELLIS, P. J. (concurring).—I agree that the judgment should be reversed, but I think the parties should settle the pleadings before proceeding to trial.

The declaration was treated as one in covenant which it seemingly was intended to be, although it does not allege the delivery of the deed in terms. That defect is remedied by the instrument itself, which was made a part of the declaration and shows in the attesting clause that it was signed, sealed and delivered. The time of making the covenant is inferentially stated as that the deed bore a certain date. The part of the covenant relied upon as giving a basis for the action is not clearly stated, the allegation being that the defendant covenanted to pay to the plaintiff the sums of money evidenced by a certain promissory note, copy of which is attached to and made a part of the declaration. "Exhibit 'A,' viz.: $329.56, payable on or before six months after date."

The covenant is to "pay all and singular the principal and interest and other sums of money payable by virtue of said promissory note and this deed, or either, promptly on the days respectively the same severally come due."

The exhibit shows a note payable on or before six months after date. The note described in the deed is one "due June 31st, 1926." Money, which may be payable by virtue of the deed may be for taxes, assessments, levies, liabilities, obligations, incumbrances, costs, charges, expenses, attorneys' fees and insurance premiums.

It cannot be said with any degree of accuracy from the allegation of the declaration whether the plaintiff relied upon the breach of the covenant to pay the note, or to pay for

taxes, levies, incumbrances, expenses and insurance premiums which the plaintiff may have been required to pay to preserve his security.

The defendant pleaded that: "before action it discharged and satisfied plaintiff's claim by payment."

A demurrer was interposed to the plea and overruled. It should have been visited upon the declaration, but the parties went to trial, the evidence wholly failing to sustain the plea of performance of the covenant by payment of the note if indeed such was its purpose.

I think the judgment should be reversed with direction to order the declaration to be amended and the issue to be made upon appropriate pleas to it.

BUFORD, J., concurs.

BROWN, J. (dissenting).—The declaration was defective, but it was not demurred to. It seems that the debt or covenant sued on was paid in the manner and form agreed on by the parties in writing; that the errors complained of were harmless, and that the verdict and judgment should not be disturbed. I do not see how we can say from this record that there was any miscarriage of justice.